J. Michael Wheiler, ISB #3364
wheiler@thwlaw.com
Richard R. Friess, ISB #7820
friess@thwlaw.com
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID 83404
Tel: (208) 522-1230
Fax: (208) 522-1277

Attorneys for Defendant Obstetrics & Gynecology Associates of Idaho Falls, P.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| KELLI ROWLETTE, an individual, SALLY ASHBY, an individual, and HOWARD FOWLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GERALD E. MORITMER, M.D., LINDA G. McKINNON MORTIMER, and the marital community comprised thereof, and OBSTETRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A., an Idaho professional corporation,<br><br>Defendants. | Case No. 4:18-CV-00143-DCN<br><br><br>DEFENDANT OBSTETRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A.'S ANSWER AND DEMAND FOR JURY TRIAL |
|---|---|

      COMES NOW, Defendant Obstetrics and Gynecology Associates of Idaho Falls, P.A., ("OGA"), separately from all other parties, by and through counsel of record, and answers Plaintiffs' Complaint as follows:

      1.     Defendant alleges that the Complaint, in whole or in part, fails to state a claim against this answering Defendant upon which relief can be granted.

      2.     Defendant denies generally and specifically each and every allegation in the Complaint not herein specifically admitted.

3. Defendant admits the allegations of paragraphs 1, 2, 3, 8, and 9 of the Complaint.

4. Defendant denies the allegations of paragraphs 66, 67, 69, 70 and 71 of the Complaint.

5. Answering paragraphs 4, 5, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 32, 33, 35, 36, 37, 38, 39, 40, 42, 43, 44, 46, 47, 48, 50, 51, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, and 64 of the Complaint, the allegations of the paragraphs appear to be directed at parties other than this answering Defendant. As such, an answer from this Defendant is not required. To the extent an answer is required, this answering Defendant is currently without sufficient knowledge, information, and/or expertise to either admit or deny the allegations of the paragraphs and, on that basis, deny the allegations of the paragraphs.

6. Answering paragraph 6 of the Complaint, Defendant admits that OGA is a professional corporation incorporated under the laws of Idaho with its principal place of business in Bonneville County, Idaho. Defendant denies the remaining allegations of the paragraph.

7. Answering paragraph 7 of the Complaint, Defendant admits that the controversy is between citizens of different states and that Dr. Mortimer provided medical care to Plaintiff Sally Ashby in Bonneville County, Idaho. Defendant denies the remaining allegations of the paragraph.

8. Answering paragraph 10 of the Complaint, Defendant admits that Ms. Ashby was a patient of OGA in 1979 and was treated by Dr. Mortimer. The remaining allegations of the paragraph appear to be directed at parties other than this answering Defendant. As such, an answer from this Defendant is not required. To the extent an answer is required, this answering Defendant is currently without sufficient knowledge, information, and/or expertise to either

admit or deny the remaining allegations of the paragraph and, on that basis, deny the remaining allegations of the paragraph.

9. Answering paragraph 18 of the Complaint, Defendant admits that Ms. Ashby underwent the insemination procedure on more than one occasion in 1980. Defendant is currently without sufficient information and/or knowledge to either admit or deny the remaining allegations and, on that basis, denies the remaining allegations of the paragraph.

10. Answering paragraph 19 of the Complaint, Defendant admits that Ms. Ashby gave birth to Kelli Rowlette, aka Kelli Fowler, on May 20, 1981 and that Dr. Mortimer delivered Kelli Rowlette. The remaining allegations of the paragraph appear to be directed at parties other than this answering Defendant. As such, an answer from this Defendant is not required. To the extent an answer is required, this answering Defendant is currently without sufficient knowledge, information, and/or expertise to either admit or deny the remaining allegations of the paragraph and, on that basis, deny the remaining allegations of the paragraph.

11. Answering paragraphs 26, 31, 34, 41, 45, 49, 52, 58, 65, and 68 of the Complaint, Defendant re-alleges and incorporates the contents of paragraphs 1 through 10 as if set forth at length herein.

### FIRST AFFIRMATIVE DEFENSE

As a separate further answer and defense, without admitting that Plaintiffs suffered any damages caused by OGA and specifically denying that Plaintiffs suffered any such damages, Defendant alleges that to the extent Plaintiffs have failed to reasonably mitigate damages, Plaintiffs may not recover for damages which could have been reasonably avoided.

## SECOND AFFIRMATIVE DEFENSE

As a separate further answer and defense, without admitting that any damages should be awarded to Plaintiffs and specifically denying that any damages should be awarded to Plaintiffs, Defendant alleges that to the extent Plaintiffs have been compensated by collateral sources provided for in I.C. § 6-1606, any award issued in this case should be reduced by the same.

## THIRD AFFIRMATIVE DEFENSE

As a separate further answer and defense, without admitting that any damages should be awarded to Plaintiffs and specifically denying that any damages should be awarded to Plaintiffs, this Defendant alleges that Plaintiffs' non-economic damages, if any, are limited by I.C. § 6-1603, and other applicable law.

## FOURTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that Plaintiffs' damages, if any, are subject to I.C. §§ 6-1602, 6-1604, 6-1607, and other applicable law. Defendant denies that any damages should be awarded to Plaintiff against this answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that Plaintiffs' damages, if any, may have been proximately caused or contributed to by the conduct or actions of other persons, or entities whose conduct or actions may have caused or contributed to the damages alleged by Plaintiffs and the negligence of all parties, persons, or entities whose actions caused or contributed to the alleged injuries should be compared and apportioned as provided by Idaho statute and law.

## SIXTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, without admitting that any damages should be awarded to Plaintiffs and specifically denying that any damages should be awarded to Plaintiffs, this Defendant alleges that Plaintiffs' damages, if any, were proximately caused or contributed to by superseding, intervening acts, omissions, circumstances, or conditions for which this answering Defendant was not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that to the extent Plaintiffs' claim for breach of contract is directed at this answering Defendant, the claim is barred by the statute of limitations set forth in I.C. § 5-216 and § 5-217.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that to the extent Plaintiffs' claim for fraud is directed at this answering Defendant, the claim is barred by the statute of limitations set forth in I.C. § 5-218.

## NINTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that to the extent Plaintiffs' claims for medical negligence, failure to obtain informed consent, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent supervision are directed at this answering Defendant, the claims are barred by the statute of limitations set forth in I.C. § 5-219(4).

### TENTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that to the extent Plaintiffs' claim for battery is directed at this answering Defendant, the claim is barred by the statute of limitations set forth in I.C. § 5-219(5).

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that to the extent Plaintiffs' claim for violation of the Consumer Protection Act is directed at this answering Defendant, the claim is barred by the statute of limitations set forth in I.C. § 48-619.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that Plaintiffs' claim for respondeat superior is barred by the statute of limitations set forth in I.C. §§ 5-216, 5-217, 5-218, 5-219(4), 5-219(5), and 48-619.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that Plaintiff Kelli Rowlette lacks standing to assert any and all claims contained in the Complaint filed in this matter and, in addition, is not the real party in interest.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant alleges that pursuant to Idaho Code § 6-1012 and 6-1013, the gist of Plaintiff's complaint is medical malpractice and, as such, all other claims are improper and should be barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate further answer and defense, Defendant does not admit that it has the burden of proving the allegations or denials contained herein. Additionally, Defendant has not had the

opportunity to conduct discovery in this case and to the extent that Defendant has not raised any affirmative defense to Plaintiffs' Complaint, Defendant reserves the right to supplement this Answer and add additional defenses as warranted by the discovery in this case.

### REQUEST FOR ATTORNEY FEES

Defendant OGA alleges that the services of Thomsen Holman Wheiler, PLLC have been engaged in the defense of Plaintiffs' Complaint and that this answering Defendant is entitled to reasonable attorney fees and costs from Plaintiffs pursuant to FRCP 54 and/or I.C. § 12-120(3).

WHEREFORE, Defendant OGA prays for the judgment, order, and decree of this Court as follows:

1. That Plaintiffs' claims against Defendant be dismissed with prejudice and Plaintiffs take nothing from Defendant thereby;

2. For judgment against Plaintiffs for costs and disbursements incurred herein;

3. For judgment against Plaintiffs for attorney fees as set by this Court pursuant to statute and court rule;

4. For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 3 of May, 2018.

By: _____
Richard R. Friess

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system:

SHEA C. MEEHAN
WALKER HEYE MEEHAN & EISINGER, PLLC
1333 COLUMBIA PARK TRAIL, STE 220
RICHLAND, WA 99352

By: _____
Richard R. Friess

JMW/7800.037/PLEADINGS/001 ANSWER