Raymond D. Powers
ISB # 2737; rdp@powerstolman.com
Portia L. Rauer
ISB # 7233; plr@powerstolman.com
POWERS TOLMAN FARLEY, PLLC
702 West Idaho Street, Suite 700
Boise, ID 83702
Post Office Box 9756
Boise, ID 83707
Telephone: (208) 577-5100
Facsimile: (208) 577-5101
W:\41\41-036\Pleadings\Answer.docx

Attorneys for Defendants Gerald E. Mortimer, M.D.
        and Linda G. McKinnon Mortimer

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLI ROWLETTE, an individual, SALLY ASHBY, an individual, and HOWARD FOWLER, an individual,<br><br>                Plaintiffs,<br><br>vs.<br><br>GERALD E. MORTIMER, M.D., LINDA G. McKINNON MORTIMER, and the marital community comprised thereof, and OBSTETRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A. an Idaho professional corporation,<br><br>                Defendants. | Case No.  4:18-CV-00143-DCN<br><br>**DEFENDANTS GERALD E. MORTIMER, M.D. AND LINDA G. McKINNON MORTIMER'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COME NOW** Defendants, Gerald E. Mortimer, M.D. and Linda G. McKinnon Mortimer

(collectively referred to as "Dr. Mortimer"), by and through their undersigned counsel of record,

DEFENDANTS GERALD E. MORTIMER, M.D. AND LINDA G. McKINNON MORTIMER'S ANSWER TO
PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL - 1

Powers Tolman Farley, PLLC, and in answer to Plaintiffs' Complaint and Demand for Jury Trial (hereinafter "Plaintiffs' Complaint"), admit, deny, and allege as follows:

## FIRST DEFENSE

Plaintiffs' Complaint, and each and every allegation contained therein, fails to state a claim against Dr. Mortimer upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Linda G. McKinnon Mortimer (Mrs. Mortimer) upon which relief can be granted since she did not provide medical care to Plaintiffs, she did not have a special relationship with any of the Plaintiffs to establish any duty, she was not in privity with any of the Plaintiffs, and Mrs. Mortimer had no contact whatsoever with Plaintiffs. Thus, for ease of reference, these answering Defendants are collectively referred to as "Dr. Mortimer."

## THIRD DEFENSE

Based either upon a lack of information or belief that certain allegations contained in Plaintiffs' Complaint are untrue, Dr. Mortimer denies each and every allegation set forth in Plaintiffs' Complaint that is not expressly and specifically admitted hereinafter.

## FOURTH DEFENSE

Where allegations are directed to others besides Dr. Mortimer, or involve facts or claims which Dr. Mortimer does not have sufficient knowledge or information to admit or deny, no response is believed to be necessary. To the extent a response is required, such allegations are denied.

## FIFTH DEFENSE

With respect to the specific allegations contained in Plaintiffs' Complaint, Dr. Mortimer admits, denies, and/or alleges as follows:

Dr. Mortimer admits the allegation contained in paragraph 4 of Plaintiffs' Complaint.

In answering paragraph 5 of Plaintiffs' Complaint, Dr. Mortimer admits only that he and Mrs. Mortimer are husband and wife, and reside in Bonneville County, Idaho. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 7 of Plaintiffs' Complaint, Dr. Mortimer admits that the controversy is between citizens of different states and that Dr. Mortimer provided medical care to Plaintiff Sally Ashby in Bonneville County, Idaho. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 10 of Plaintiffs' Complaint, Dr. Mortimer admits only that Ms. Ashby was having difficulty conceiving a child and was a patient of Dr. Mortimer's, an OB/GYN. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 11 of Plaintiffs' Complaint, Dr. Mortimer admits only that he examined Ms. Ashby to ascertain the cause of her reproductive difficulties. Dr. Mortimer admits Mr. Fowler had low sperm count and low motility. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 12 of Plaintiffs' Complaint, Dr. Mortimer admits only that he suggested that Ms. Ashby could consider undergoing artificial insemination with donor sperm/semen to increase the opportunity for conception. Dr. Mortimer denies the remainder of the allegations and specifically denies Plaintiffs' definition of the "procedure."

In answering paragraph 13 of Plaintiffs' Complaint, Dr. Mortimer admits only that Ms. Ashby decided to undergo artificial insemination with donor sperm/semen. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 14 of Plaintiffs' Complaint, Dr. Mortimer admits only that he informed Ms. Ashby that he had access to donor sperm/semen. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 15 of Plaintiffs' Complaint, Dr. Mortimer admits only that he collected sperm/semen from Mr. Fowler to artificially inseminate Ms. Ashby. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 16 of Plaintiffs' Complaint, Dr. Mortimer denies he performed the "procedure" as that term is defined in paragraph 12. Dr. Mortimer admits only that Ms. Ashby decided to use anonymous donor sperm/semen in an artificial insemination process as long as, in Dr. Mortimer's judgment, the anonymous donor sperm was appropriate and safe. Dr. Mortimer has no recollection of having utilized his sperm/semen in the artificial insemination process with Ms. Ashby, and therefore, denies the allegations in paragraph 16.

In answering paragraph 18 of Plaintiffs' Complaint, Dr. Mortimer admits that artificial insemination was performed on Ms. Ashby in June of 1980. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 19 of Plaintiffs' Complaint, Dr. Mortimer admits that he delivered Ms. Ashby's daughter on May 20, 1981. Dr. Mortimer denies the remainder of the allegations.

In answering paragraph 20 of Plaintiffs' Complaint, Dr. Mortimer admits that he continued to be Ms. Ashby's OB/GYN for several years. Dr. Mortimer denies the remainder of the allegations.

## SIXTH DEFENSE

At all relevant times, Dr. Mortimer's conduct was appropriate under Idaho Code §§ 6-1012 and 6-1013 and no act or omission of Dr. Mortimer proximately caused Plaintiffs' damages, if any.

## AFFIRMATIVE DEFENSES

By pleading certain defenses as "affirmative defenses," Dr. Mortimer does not imply that he has the burden of proof for any such defense. Furthermore, Dr. Mortimer has not had the opportunity to conduct discovery in this case, by failing to raise an affirmative defense, he does not waive any such defense and specifically reserves the right to amend his Answer to include additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations set forth in Idaho Code §§ 5-216, 5-217, 5-218, 5-219, and 48-619.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs Kelli Rowlette and Howard Fowler lack standing to assert claims against Dr. Mortimer in this action and are not real parties in interest.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert claims against Mrs. Mortimer in this action.

## FOURTH AFFIRMATIVE DEFENSE

There is no doctrine recognized in Idaho to support a claim of damages based on a benefit to the marital community.

## FIFTH AFFIRMATIVE DEFENSE

The gravamen of Plaintiffs' claims sound in medical malpractice and are governed by Idaho Code §§ 6-1012 and 6-1013; therefore, all other claims are improper and should be barred.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, may be subject to Idaho Code §§ 6-1602, 6-1603, 6-1604, and 6-1606. By alleging this defense, Dr. Mortimer does not admit negligence in any degree but, to the contrary, specifically deny negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs' Sally Ashby and Howard Fowler are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any, and therefore any damages must be reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are barred because of its failure to plead the cause of action with particularity and the statements upon which it relies are not statements of fact but are statements of opinion; therefore, Plaintiff's alleged reliance was unreasonable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of assumption of risk.

### ELEVENTH AFFIRMATIVE DEFENSE

The acts, omissions, negligence, or fault of persons or entities other than Dr. Mortimer constitutes comparative negligence, which bars or reduces Plaintiffs' recovery against Dr. Mortimer, if any, pursuant to Idaho Code 6-801. By alleging this defense, Dr. Mortimer do not admit negligence in any degree but, to the contrary, specifically deny negligence.

### TWELTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were proximately caused, in whole or in part, by the superseding, intervening acts, omissions, negligence or fault of others for whom Dr. Mortimer is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any, and Dr. Mortimer cannot be held liable for any such damages that Plaintiff could have mitigated.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

### REQUEST FOR ATTORNEY'S FEES

Defendants have been required to retain the services of the law firm of Powers Tolman Farley, PLLC in order to defend this action and will continue to incur reasonable attorney's fees and costs based upon the time expended in their defense. Defendants, therefore, allege and hereby make a claim against Plaintiffs for recovery of their reasonable attorney's fees and costs incurred in defending this action, pursuant to Idaho Code §§ 12-120 and 12-121, and Rule 54, Federal Rule of Civil Procedure.

**WHEREFORE,** Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing against these answering Defendants by way of their Complaint and that said Complaint be dismissed with prejudice;

2. That the costs, disbursements, and reasonable attorney's fees incurred in the defense of this action be awarded to these answering Defendants; and,

3. For such other and further relief as this Court may deem just and proper.

DATED this 29 day of May, 2018.

                                POWERS TOLMAN FARLEY, PLLC

By _____
      Raymond D. Powers - Of the Firm
      Portia L. Rauer - Of the Firm
      *Attorneys for Defendants Gerald E. Mortimer,*
      *M.D. and Linda G. McKinnon Mortimer*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29 day of May, 2018, I caused to be served a true copy of the foregoing **DEFENDANTS GERALD E. MORTIMER, M.D. AND LINDA G. McKINNON MORTIMER'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**, electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jillian A. Harlington, jharlington@walkerheye.com
Matthew M. Purcell, mp@purcellfamilylaw.com
Shea C. Meehan, smeehan@walkerheye.com
*Attorneys for Plaintiffs*

J. Michael Wheiler, wheiler@thwlaw.com
Richard R. Friess, friess@thwlaw.com
*Attorneys for OB-GYN Associates*

_____
Raymond D. Powers
Portia L. Rauer