UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLI ROWLETTE, an individual, SALLY ASHBY, an individual, and HOWARD FOWLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GERALD E. MORTIMER, M.D., LINDA G. McKINNON MORTIMER, and the marital community comprised thereof, and OBSTETRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A., an Idaho professional corporation,<br><br>Defendants. | Case No. 4:18-cv-00143-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On June 13, 2018, Defendants Gerald Mortimer and Linda G. McKinnon Mortimer (the "Mortimers") filed a Motion to Dismiss in the instant case. Dkt. 16. On June 18, 2018, Defendant Obstetrics and Gynecology Associates of Idaho Falls, P.A. ("OGA"), filed a Motion to Dismiss as well. Dkt. 17. On June 26, 2018, Plaintiffs filed a Motion to Strike the two motions as untimely. Dkt. 19. In light of the Motion to Strike, the Court suspended the briefing schedule on the two Motions to Dismiss and set an expedited briefing schedule on the Motion to Strike. Dkt. 22. The Motion to Strike has now been fully briefed and is ripe for the Court's review. Having reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the

briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the Motion on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to **DENY** the Motion to Strike.

## II. PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this matter on March 30, 2018. Dkt. 1.

OGA filed an Answer on May 4, 2018. Dkt. 10. Approximately six weeks later, on June 19, 2018, OGA filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 17.

The Mortimers filed their joint Answer on May 29, 2018. Dkt. 13. Approximately two weeks later, on June 13, 2018, the Mortimers filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 16.

## III. DISCUSSION

Plaintiffs' argument in support of their Motion to Strike is one paragraph and reads in its entirety as follows:

> Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion must be made before the responsive pleading." *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006) (quoting *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004)) (internal quotations and citations omitted). Because Defendants filed their answers prior to the motions to dismiss, Defendants' Rule 12(b)(6) motions are untimely and should not be considered.

Dkt. 19-1, at 2.

While Plaintiffs correctly cite the general rule, they fail to recognize that there is a mechanism for hearing a Rule 12(b)(6) Motion even when filed after a responsive pleading. As Defendants note in their opposing briefs, that mechanism is Rule 12(h). This allows for the Court to "convert" a Rule 12(b)(6) Motion into a Rule 12(c) Motion if the substantive arguments were raised in the responsive pleadings. This procedure is best explained in *Aldabe v. Aldabe*, the seminal Ninth Circuit case on this topic.

> Rule 12(h)(2) specifically authorizes use of the latter motion to raise the defense of failure to state a claim. Because it is only after the pleadings are closed that the motion for judgment on the pleadings is authorized (Rule 12(c)), Rule 12(h)(2) should be read *as allowing a motion for judgment on the pleadings, raising the defense of failure to state a claim, even after an answer has been filed*. Under that interpretation, Rules 12(c) and 12(h)(2) together constitute a qualification of Rule 12(b)(6). The case for adopting such a position is further strengthened where, as here, each of the answers included the defense of failure to state a claim. The motions to dismiss were not based on new arguments for which appellant could claim to have been unprepared.

616 F.2d 1089, 1093 (9th Cir. 1980) (emphasis added). Numerous district and circuit courts have followed this pattern,[1] often quoting *Aldabe*, as well as Wright and Miller's synopsis of this process:

> A strict interpretation of the timing provision's language leads to the conclusion that the district judge must deny any Rule 12(b) motion made after a responsive pleading is interposed as being too late. However, federal

---

[1] *See e.g. Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 216CV381JCMVCF, 2017 WL 1293977, at *4 (D. Nev. Mar. 10, 2017); *Gravity Defyer Corp. v. Under Armour, Inc.,* No. LACV1301842JAKJCGX, 2014 WL 12597584, at *2 (C.D. Cal. Feb. 7, 2014).

courts have allowed untimely motions if the defense has been previously included in the answer. In this context, the motion becomes tantamount to a preliminary hearing under Rule 12(i). Moreover, under Rule 12(h) the defenses of lack of subject matter jurisdiction, Rule 12(b)(1), failure to state a claim upon which relief can be granted, Rule 12(b)(6), and failure to join a party under Rule 19, Rule 12(b)(7), are preserved from the waiver mechanism by the express terms of subdivision (h). Thus, motions raising any of these matters *may be considered by the court even when interposed after the responsive pleading has been filed*, although technically they no longer are Rule 12(b) motions.

CHARLES A. WRIGHT & ARTHUR R. MILLER, 5C Fed. Prac. & Proc. Civ. § 1361 (3d ed. 2012) (emphasis added).

As in *Aldabe,* both Defendants in this case properly raised failure to state a claim defenses in their respective answers,[2] thus preserving the issue for a formal motion. However, because Defendants elected to file these matters in the order they did (i.e. the Motions to Dismiss following the Answers), the Court will convert the two Motions to Dismiss into Motions for Judgment on the Pleadings in accordance with Rule 12(h)(2)(B) and Rule 12(c).

## IV. ORDER

The Court HEREBY ORDERS:

1. Plaintiffs' Motion to Strike (Dkt. 19) is hereby DENIED.

2. Pursuant to the Court's prior decision (Dkt. 22) the briefing schedule for the pending Motions to Dismiss (Dkts. 16, 17) is hereby REINSTATED as follows:

---

[2] The Mortimers' raised Rule 12(b)(6) defenses in their Answer (Dkt. 13, at 2) and OGA raised Rule 12(b)(6) defenses in its answer (Dkt. 10, at 1).

- Plaintiffs shall have until **August 8, 2018**, to respond to Defendants' respective motions to dismiss.

- Defendants must file any reply in support of their respective Motions on or before **August 22, 2018**.

- The Court will hold a hearing on the Motions on **August 30, 2018, at 2:00 pm** in the District Courtroom in Pocatello, Idaho.

DATED: July 19, 2018

_____
David C. Nye
U.S. District Court Judge