Shea C. Meehan, ISB #6407
Jillian A. Harlington, *Pro Hac Vice*
Walker Heye Meehan & Eisinger, PLLC
1333 Columbia Park Trail, Ste 220
Richland, WA  99352
Telephone: (509) 735-4444
Fax: (509) 735-7140
smeehan@walkerheye.com
jharlington@walkerheye.com
Attorneys for Plaintiffs

Mathew M. Purcell, *Pro Hac Vice*
Purcell Law, PLLC
7301 W. Deschutes Ave Ste E
Kennewick, WA 99336
Telephone: (509) 783-7885
Fax: (509) 735-7886
mp@purcellfamilylaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLI ROWLETTE, an individual, SALLY ASHBY, an individual, and HOWARD FOWLER, an individual,<br><br>      Plaintiffs,<br>v.<br><br>GERALD E. MORTIMER, M.D., LINDA G. McKINNON MORTIMER, and the marital community comprised thereof, and OBSTETRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A, an Idaho professional corporation,<br><br>      Defendants. | Cause No.  4:18-cv-00143-DCN<br><br>PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER [Dkt. 45] |

COMES NOW, the Plaintiffs, by and through their counsel of record, and submit this response memorandum in opposition to Defendant Gerald E. Mortimer, M.D.'s Motion to Reconsider the Court's order requiring Gerald Mortimer, M.D. to submit to a buccal swab paternity test.

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 1

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

### I.   SUMMARY OF ARGUMENT

Gerald E. Mortimer, M.D. (Mortimer) seeks reconsideration of the Court's order requiring him to submit to a paternity test due to "newly discovered evidence." The evidence Mortimer characterizes as "newly discovered" is his December 11, 2018 deposition testimony wherein he admits that he *thinks* he is Kelli Rowlette's (Rowlette) biological father. Mortimer alleges that the biological relation between he and Rowlette was not available to him while the motion to compel was pending. Mortimer's problematic admission should not prevent the Plaintiffs from obtaining evidence necessary to prove paternity with scientific certainty.

Mortimer's admission that he is likely Rowlette's biological father should be considered with caution by this Court because Mortimer has left himself room to backpedal from this admission. Mortimer has not amended his Answer to admit paternity, nor has he amended his answers to requests for admission on the issue to clearly take the question out of controversy. Likely, this is because Mortimer's admission comes with many caveats that he would like to take advantage of at trial, particularly that he doesn't recognize Sally Ashby (Ashby) or Howard Fowler (Fowler), doesn't remember them specifically, and has undiagnosed memory problems. All of these facts allow Mortimer to attempt to escape the full force of his admission at trial, and claim it was a slip in memory or judgment.

The Court should also deny Mortimer's request on the basis that Mortimer's admission during his deposition does not amount to newly discovered evidence under Rule 60 of the Federal Rules of Civil Procedure. Mortimer admits that he knew Rowlette was his daughter when she contacted him on Ancestry.com far before the motion to compel was ever filed. Yet, to avail himself of Rule 60, Mortimer claims that he didn't have access to the fact that he knew he might be Rowlette's biological father prior to his deposition. Mortimer's timing and motivation

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 2

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER PLLC

are suspect. To this point, Mortimer has admitted to lying under oath in his responses to written discovery, including discovery for which he signed a verification under oath on the very same day as the deposition. Mortimer's deposition testimony reveals how truly unreliable his assertions are, as his position changes rapidly from one moment to the next.

Finally, the Court should deny Mortimer's motion for reconsideration because Mortimer admits that submitting to a paternity test is the right thing to do and he desires to settle this question with scientific certainty once and for all.

## II. BACKGROUND FACTS

Mortimer admits that he believed he was Rowlette's biological father when he received a message from her following the DNA match on Ancestry.com prior to the initiation of this lawsuit:

```
 2      Q.   Okay.  Do you recall receiving that
 3   message through Match -- excuse me -- through
 4   Ancestry.com?
 5      A.   Yes.
 6      Q.   Okay.  What was your reaction when you
 7   saw this message?
 8      A.   I guess a little bit of surprise.
 9      Q.   Why?
10      A.   I don't know.  It just seemed surprising
11   to me to -- to see -- to see this.
12      Q.   Did you know that it was from a child
13   who was biologically yours?
14      A.   Yes.
15      Q.   Okay.  And you knew that at the time you
16   received it?
17      A.   Yes.
```

(Decl. of Harlington, Exhibit A pp. 93-93; Exhibit B). Despite this, in his answer to the complaint, Mortimer denies having inseminated Ashby with his own semen. (ECF 13, p. 4).

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 3

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

Mortimer has not made any attempt to file an amended answer admitting that he impregnated Ashby with his own semen, resulting in Rowlette's birth.

On September 13, 2018, Plaintiffs filed a motion asking the Court to compel Mortimer to submit to a paternity test. (ECF 34). During the briefing period, on October 30, 2018 Mortimer signed a verification under oath for his Responses to Plaintiff's First Set of Requests for Admission, wherein he objects to the inference that he inseminated Ashby with his own semen. (Decl. of Harlington, Exhibit C). Mortimer denies inseminating Ashby with his own semen again and again in response to 28 separate questions. *Id.* In these responses, Mortimer also denies being Rowlette's biological father, denies suspecting he was her biological father when she was born, and denies having any independent recollection of Ashby or Fowler outside of what is contained in the medical records. *Id.*

Days later, on November 2, 2018, Mortimer served his Responses to Plaintiffs' First Set of Requests for Production and his Answers to Plaintiffs' First Set of Interrogatories, wherein he denies inseminating Ashby with his own semen and states he has no independent recollection of Ashby or Fowler beyond what is contained in the medical records. (Decl. of Harlington, Exhibit D; Exhibit E). Mortimer's Sur-Reply memorandum was filed ten days later on November 12, 2018 and fails to include any admission that he inseminated Ashby with his own semen or that he is the biological father to Rowlette. (ECF 42).

On December 10, 2018, the day before his scheduled deposition, Mortimer served a supplemental response to requests for production which did not change his original denial that he inseminated Ashby with his own sperm. (Decl. of Harlington, Exhibit F). The day before his deposition, Mortimer also served supplemental answers to interrogatories and amended responses to requests for admission wherein he admits that he "donated sperm" to patients but



continues to deny having any recollection of inseminating Ashby with his own semen. (Decl. of Harlington, Exhibit G; Exhibit H). Mortimer signed the verification pages to these supplemental answers under oath on the day of his deposition. (Decl. of Harlington, Exhibit I; Exhibit J).

At his deposition on December 11, 2018, Mortimer repeatedly excused himself for having memory problems, even over simple questions like his children's' birthdays:

> 22 Q. When was Tom born?
> 23 A. He was born -- let me think. Sorry. My
> 24 memory is not good this morning.
>
> ***
>
> 1 Q. Of what year?
> 2 A. Sorry. My memory is not good this
> 3 morning.
> 4 Q. You say your memory is no good this
> 5 morning. What do you mean?
> 6 A. Well, I'm having trouble remembering
> 7 things this morning.
>
> ***
>
> 3 A. Sorry. I'm really struggling this
> 4 morning.

(Decl. of Harlington, Exhibit A, pp. 10-12).

Mortimer's memory problems did not appear to improve as the deposition continued. By the afternoon, Mortimer had entirely forgotten that he had reviewed supplemental discovery answers and signed verifications under oath earlier that same day:

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 5

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

```
17        Q.   So did you, in fact, at some point
18   today, sign a verification of this document?
19        A.   I haven't signed anything today.
20        Q.   You haven't?  Okay.
21             Did you sign something in front of Blake
22   Hall as a notary yesterday?
23        THE WITNESS:  I don't think so, did I?
```

                                    ***

```
 6        A.   Oh, that is my signature, and that -- I
 7   think that is correct that I signed that today.
 8        Q.   You did sign this today?
 9        A.   I think so.
10        Q.   Are you sure?  I'm a little concerned
11   because, just a minute ago, you said you hadn't
12   signed anything today.
13        A.   Well, my memory is bad.  Sorry.  So...
14        Q.   Is there any medical diagnosis beyond
15   what you've already divulged to me that would
16   impact -- that would explain your memory issues?
17        A.   I don't have a diagnosis except to say
18   that I -- I have some difficulties with my memory,
19   but I've -- I don't have a diagnosis for you.
20        Q.   Okay.
21        A.   But...
22        Q.   Do you remember signing doc- -- two
23   documents in front of Blake Hall as a notary today or
24   not?
25        A.   I don't remember signing anything in
 1   front of Blake as a notary today.
```

(Decl. of Harlington, Exhibit A, pp. 109-111).

It is during this deposition that Mortimer testifies that he *thinks* he is Rowlette's biological father:

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 6

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140


WALKER HEYE MEEHAN EISINGER

```
22        Q.   Are you Kelli Rowlette's biological
23   father?
24        A.   I -- yes.  I think I am.
```

(Decl. of Harlington, Exhibit A, p. 33). This admission comes with the qualification that Mortimer does not recognize photographs of Sally Ashby or Howard Fowler from the 1980s, and does not recognize Ashby as a woman he inseminated with his own semen:

```
 8        Q.   BY MR. MEEHAN:  Do you -- you've been
 9   handed a set of photographs, three pages, that have
10   been marked as Exhibit *-3, correct?
11        A.   Okay.
12        Q.   Do you recognize the individuals in the
13   photographs that have been marked as Exhibit *-3?
14        MR. POWERS:  In any of them.
15        THE WITNESS:  No.
16        Q.   BY MR. MEEHAN:  Would it help your
17   recollection if I told you that these are photographs
18   of Howard Fowler and, then Sally Fowler, in the 1980
19   timeframe?
20        A.   That would help me.
21        Q.   Okay.  Knowing that, do you recognize
22   them?
23        A.   I -- I still don't really recognize
24   them, but I believe what you say.
```

                              ***

```
10        Q.   And do you recognize the young woman in
11   the photographs in Exhibit *-3 as a woman that you
12   inseminated with your own semen?
13        A.   No.  I don't.
14        Q.   Okay.
15        A.   She looks familiar, but I -- I don't
16   have a specific -- this does not bring any specific
17   memory to me.
```

(Decl. of Harlington, Exhibit A, p. 39-40).

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 7

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140


WALKER HEYE MEEHAN EISINGER

Mortimer impliedly admits that his belief that he might be Rowlette's biological father is not sufficient proof of the matter, and states he is willing to take a paternity test "to have the truth come out."  (Decl. of Harlington, Exhibit A, p. 36). Mortimer himself characterizes taking the paternity test as "the right thing to do":

```
17        Q.   BY MR. MEEHAN:  At sometime did you
18   change your mind with regard to your willingness to
19   undergo a paternity test to definitively determine
20   whether you were Kelli Rowlette's biological father?
21        A.   Yes.
22        Q.   Why?
23        A.   Initially I didn't want to do that, but
24   then I decided that would be the right thing to do.
25        Q.   What would be the right thing to do?

 1        A.   To be able to establish for her and for
 2   me -- to have the truth come out, and to -- to have
 3   that -- to have the truth come out is what I'm
 4   saying, I guess.
 5        Q.   You think it's important to have the
 6   truth come out?
 7        A.   Yes.
 8        Q.   So at one time you had agreed to such a
 9   test, and my understanding is now you do not agree to
10   such a test?
11        A.   I would -- I would be willing to have
12   the test.
13        Q.   Okay.  So without regard to -- I'm not
14   asking legalese.  You are willing to have a paternity
15   test done to definitively determine whether you are
16   Kelli Rowlette's biological father?
17        A.   I would agree with that.
18        Q.   Do you want that?
19        A.   I don't know that I want it to --
20   particularly.  I'm willing to -- willing to do it.
```

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 8

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

(Decl. of Harlington, Exhibit A, p. 35-36). Mortimer also admits that he has lied under oath in answering written discovery:

```
 3      Q.   And that wasn't true?
 4      A.   That was not true.
 5      Q.   And you knew at the time you made that
 6   statement that it wasn't true?
 7      A.   That's correct.
 8      Q.   So you had lied?
 9      A.   Yes.

                        ***

14      Q.   But my question is that statement was
15   not accurate at the time this document was provided
16   to us, correct?
17      A.   That would be correct.
18      Q.   And you knew that at that time, correct?
19      A.   I would have known it at that time, yes.
```

After ample briefing on the motion to compel, this Court ordered Mortimer to submit to the requested testing noting that the very core of Mortimer's defense is that he is not Rowlette's biological father *because he did not inseminate Ashby with his own sperm*. (ECF 44). Mortimer now seeks reconsideration of the Court's order on the basis of "newly discovered evidence." (ECF 45). Mortimer bases his motion on his December 11, 2018 deposition testimony wherein he admits that he *thinks* he is Rowlette's biological father, and the assertion that this information was not available to him at the time the parties briefed their respective opposition and support memoranda for the motion to compel. (ECF 45-1, pp. 3-5). Mortimer suggests that this admission is sufficient to take the issue of paternity out of controversy. *Id.*

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 9

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

## III. ARGUMENT

Mortimer asks this Court to reconsider its order requiring him to submit to a buccal swab paternity test based on the "newly discovered evidence" that Mortimer testified at his deposition that he *thinks* he is Ms. Rowlette's father. In making this request, Mortimer conveniently glosses over the fact that he does not remember Ashby or Fowler, does not recognize them, and does not recall inseminating Ashby with his own sperm. Mortimer hopes to avoid the DNA test and introduce evidence at trial that his deposition testimony is unreliable because of his memory problems, the fact that he does not recognize Ashby or Fowler, and the fact that he claims he does not specifically remember inseminating Ashby with his own semen. He may likely argue that he was nervous and felt pressured and only said he *thought* he might be Rowlette's biological father but made the admission by mistake. This Court should not allow Mortimer to manufacture "newly discovered evidence" and continue his web of deception. Mortimer admits this "newly discovered evidence" was known to him all along. The Court should deny Mortimer's request for reconsideration.

### A. Mortimer Has Failed to Meet His Burden for Reconsideration Based on Newly Discovered Evidence.

Mortimer is not entitled to reconsideration because the "newly discovered evidence" is not in fact newly discovered. Indeed, the "newly discovered evidence"—consisting of Mortimer's own opinions, personal knowledge, and statements— was under Mortimer's sole control and dominion for the last several decades. Despite Mortimer's conflicting positions on whether Rowlette is his biological daughter, he now attempts to avoid a paternity test based on his latest admission that he *thinks* he is Rowlette's father. Mortimer's new evidence does not amount to "newly discovered evidence" under the Rules, and his request should be denied.

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 10

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER PLLC
ATTORNEYS

" '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478) (alteration in original). Mortimer bases his request on Rule 60 of the Federal Rules of Civil Procedure, which provides that the Court *may* relieve a party from an order due to "newly discovered evidence that, **with reasonable diligence, could not have been discovered** … ." Fed. R. Civ P. Rule 60(b)(2) (emphasis added). Mortimer has not shown why he was—with reasonable diligence—unable to offer his admission of paternity prior to the Court's order, how this information is new to him in light of his contact with Rowlette prior to this lawsuit. Mortimer now seeks to take advantage of his own inability to tell or discern the truth.

Mortimer failed to offer his admission of paternity in response to the original motion and cannot now call his admission "newly discovered evidence" to avoid the outcome of the Court's ruling. Nor does Mortimer attempt to show that he could not have discovered the "new evidence" with reasonable diligence. "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *Waltman v. International Paper Co*., 875 F.2d 468, 473–74 (5th Cir. 1989) (materials available at time of filing opposition to summary judgment would not be considered with motion for reconsideration); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc*., 813 F.2d 1553, 1557 & n. 4 (9th Cir. 1987) (court did not abuse its discretion in refusing to consider affidavits opposing summary judgment filed late); *Frederick S. Wyle Professional Corp. v. Texaco, Inc*., 764 F.2d 604, 609 (9th Cir. 1985) (evidence available to party before it

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 11

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

filed its opposition was not "newly discovered evidence" warranting reconsideration of summary judgment). Mortimer's refusal to clearly admit paternity before this Court's ruling is fatal to his position, because this knowledge was his all along.

Mortimer admits that he knew when Rowlette first contacted him (before this action was filed) that Rowlette must be his biological daughter. Mortimer's assertion that this is newly discovered evidence is only his most recent attempt to manipulate the facts. Notably, Mortimer does not submit a declaration explaining his sudden change in testimony at his deposition, nor does he submit a statement under oath and without qualification that Rowlette is indeed his biological daughter. Mortimer chose to defend this action by denying paternity, and although he may now regret that choice, the effect of his denial and the insufficiency of his about-face requires that he submit to paternity testing to settle the issue.

### B. Mortimer Cannot Avail Himself of Rule 60's Catch-All Provision.

Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [his] control that prevented [him] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has stated that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [him] unable to prosecute [his] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). Rule 60(b)(6) must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* The present circumstance is not one that falls into this very limited category.



Mortimer has offered no explanation for why he was unable to admit paternity prior to his deposition. His argument that the passage of time made it difficult to remember falls flat when viewed in light of his admission that he knew Rowlette was his biological daughter when she contacted him about the Ancestry.com match. Mortimer's motion and supporting documentation is also devoid of any explanation as to how the Court's ruling causes him any injury. In fact, Mortimer readily admits that taking a paternity test and settling the matter with certainty is "the right thing to do." Mortimer plainly cannot show the extraordinary circumstances required to obtain reconsideration under Rule 60(b)(6).

## IV. CONCLUSION

Rowlette and Mortimer's biological relation is a central issue in this matter that is in controversy and good cause exists to cause Mortimer to submit to paternity testing pursuant to Rule 35. The Plaintiffs respectfully request an order of the Court requiring Mortimer to submit to a buccal swab paternity test.

DATED this 15th day of February, 2019.

        *s/Jillian A. Harlington*
        Shea C. Meehan, ISB #6407
        Jillian A. Harlington, *Pro Hac Vice*
        Attorneys for Plaintiffs
        Walker Heye Meehan & Eisinger, PLLC
        1333 Columbia Park Trail, Ste 220
        Richland, WA 99352
        Telephone: (509) 735-4444
        Fax: (509) 735-7140
        E-mail: smeehan@walkerheye.com;
        jharlington@walkerheye.com

        Mathew M. Purcell, *Pro Hac Vice*
        Attorneys for Plaintiffs
        Purcell Law, PLLC
        7301 W. Deschutes Ave Ste E.
        Kennewick, WA 99336



Telephone: (509) 783-7885
Fax: (509) 735-7886
E-Mail: mp@purcellfamilylaw.com

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 14

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of February, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

J Michael Wheiler:  wheiler@thwlaw.com, dansie@thwlaw.com

Richard R. Friess:  friess@thwlaw.com, pond@thwlaw.com

Portia L Rauer:  plr@powersfarley.com, contact@powersfarley.com

Raymond D Powers:  rdp@ powersfarley.com, contact@powersfarley.com

Andrew J. LaPorta  rjl@powersfarley.com, contact@powersfarley.com

And I hereby certify that I have mailed by United States Postal Service a copy of the document to the following non-CM/ECF participant: *NONE*.

*s/Jillian A. Harlington*
Shea C. Meehan, ISB #6407
Jillian A. Harlington, *Pro Hac Vice*
Attorneys for Plaintiffs
Walker Heye Meehan & Eisinger, PLLC
1333 Columbia Park Trail, Ste 220
Richland, WA 99352
Telephone: (509) 735-4444
Fax: (509) 735-7140
E-mail: smeehan@walkerheye.com;
jharlington@walkerheye.com

PLAINTIFFS' RESPONSIVE MEMORANDUM IN OPPOSITION TO GERALD E. MORTIMER, M.D.'S MOTION TO RECONSIDER - 15

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER