# EXHIBIT C

**EXHIBIT C**

Raymond D. Powers
ISB # 2737; rdp@powerstolman.com
Portia L. Rauer
ISB # 7233; plr@powerstolman.com
POWERS TOLMAN FARLEY, PLLC
702 West Idaho Street, Suite 700
Boise, ID 83702
Post Office Box 9756
Boise, ID 83707
Telephone: (208) 577-5100
Facsimile: (208) 577-5101
W:\41\41-036\Records and Discovery\Resp Pl RFA 01.docx

Attorneys for Defendant Gerald E. Mortimer, M.D.

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLI ROWLETTE, an individual, SALLY ASHBY, an individual, and HOWARD FOWLER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> GERALD E. MORTIMER, M.D., LINDA G. McKINNON MORTIMER, and the marital community comprised thereof, and OBSTETRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A. an Idaho professional corporation, <br><br> Defendants. | Case No. 4:18-CV-00143-DCN <br><br> **MORTIMER'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** <br><br>  Exhibit No. 17 Date: 12-11-18 Mortimer T&T REPORTING |

**COMES NOW**, Defendant Gerald E. Mortimer, M.D., ("Defendant"), by and through his

attorneys of record, Powers Tolman Farley, PLLC, and hereby responds to Plaintiffs' First Set of

Requests for Admission propounded on September 27, 2018, as follows:

MORTIMER'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION - 1

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**: Deny. OGA was not formed at that time.

**REQUEST FOR ADMISSION NO. 8**: You were an officer of OGA in 1980.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**: Deny. OGA was not formed at that time.

**REQUEST FOR ADMISSION NO. 9**: Sally Ashby (hereinafter "Ashby") was your patient in 1979.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**: Admit.

**REQUEST FOR ADMISSION NO. 10**: Ashby was your patient in 1980.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**: Admit.

**REQUEST FOR ADMISSION NO. 11**: Howard Fowler (hereinafter "Fowler") was your patient in 1979.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**: Deny.

**REQUEST FOR ADMISSION NO. 12**: Fowler was your patient in 1980.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**: Deny.

**REQUEST FOR ADMISSION NO. 13**: Fowler provided at least one semen sample to you or your staff for the purpose of determining the viability or relative health of his sperm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**: Dr. Mortimer objects to the request on the ground that it is compound. ==Dr. Mortimer does not have independent recollection beyond what is provided in Ms. Ashby's medical records previously produced herein.== Dr. Mortimer admits, based on the information in Ms. Ashby's medical records, that Mr. Fowler provided semen samples at the clinic. Dr. Mortimer does not have sufficient recollection to either admit or deny whether any of Mr. Fowler's semen samples were provided for the purpose of

determining viability or health of the sperm and therefore denies the request. Information related to this request can be ascertained from Ms. Ashby's medical records previously produced.

**REQUEST FOR ADMISSION NO. 14**: You diagnosed Fowler with low sperm mobility and low sperm motility in 1979.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**: Dr. Mortimer does not have independent recollection beyond what is provided in Ms. Ashby's medical records previously produced herein. Dr. Mortimer admits that contained in Ms. Ashby's medical records are pathology results on Mr. Fowler's sperm. Dr. Mortimer does not have sufficient recollection to either admit or deny whether he diagnosed Mr. Fowler with low sperm mobility or low sperm motility in 1979 and therefore denies the request. Information related to this request can be ascertained from Ms. Ashby's medical records previously produced.

**REQUEST FOR ADMISSION NO. 15**: You diagnosed Fowler with low sperm mobility and low sperm motility in 1980.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**: Dr. Mortimer does not have independent recollection beyond what is provided in Ms. Ashby's medical records previously produced herein. Dr. Mortimer admits that contained in Ms. Ashby's medical records are pathology results on Mr. Fowler's sperm. Dr. Mortimer does not have sufficient recollection to either admit or deny whether he diagnosed Mr. Fowler with low sperm mobility or low sperm motility in 1980 and therefore denies the request. Information related to this request can be ascertained from Ms. Ashby's medical records previously produced.

**REQUEST FOR ADMISSION NO. 16**: You inseminated Ashby with your own sperm on at least one occasion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**: Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm and therefore denies the request.

REQUEST FOR ADMISSION NO. 17: You inseminated Ashby with your own sperm on more than one occasion.

RESPONSE TO REQUEST FOR ADMISSION NO. 17: Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm and therefore denies the request.

REQUEST FOR ADMISSION NO. 18: On at least one occasion, you did not mix your sperm with Fowler's sperm when you inseminated Ashby with your own sperm.

RESPONSE TO REQUEST FOR ADMISSION NO. 18: Dr. Mortimer objects to the inference that he inseminated Ms. Ashby with his own sperm. Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm and therefore denies the request.

REQUEST FOR ADMISSION NO. 19: On more than one occasion, you did not mix your sperm with Fowler's sperm when you inseminated Ashby with your own sperm.

RESPONSE TO REQUEST FOR ADMISSION NO. 19: Dr. Mortimer objects to the inference that he inseminated Ms. Ashby with his own sperm. Dr. Mortimer also objects to the request on the grounds that it is based on a false premise. Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request and the false premise, Dr. Mortimer cannot admit or deny.

REQUEST FOR ADMISSION NO. 20: You never inseminated Ashby with sperm from Fowler.

RESPONSE TO REQUEST FOR ADMISSION NO. 20: Deny.

REQUEST FOR ADMISSION NO. 21: You never used sperm from someone other than you or Fowler to inseminate Ashby.

RESPONSE TO REQUEST FOR ADMISSION NO. 21: Dr. Mortimer objects to the inference that he inseminated Ms. Ashby with his own sperm. Dr. Mortimer does not recall

inseminating Ms. Ashby with his own sperm and therefore denies the request. Dr. Mortimer denies the request to the extent the request relates to inseminating Ms. Ashby with Mr. Fowler's sperm.

**REQUEST FOR ADMISSION NO. 22**: You are Kelli Rowlette's biological father.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**: Dr. Mortimer cannot admit or deny the request based on the information known to him and therefore denies the request.

**REQUEST FOR ADMISSION NO. 23**: You fathered children of more than one of your patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**: Dr. Mortimer objects to the inference that he inseminated his patients with his own sperm. Dr. Mortimer also objects on the grounds that the request is irrelevant and not likely to lead to the discovery of admissible information. Without waiving said objections, Dr. Mortimer does not recall inseminating his patients with his own sperm and therefore denies the request.

**REQUEST FOR ADMISSION NO. 24**: You fathered children of more than one of your patients without the patient's (sic) knowing that you were using your own semen.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**: Dr. Mortimer objects to the inference that he inseminated his patients with his own sperm. Dr. Mortimer also objects on the grounds that the request is compound, irrelevant and not likely to lead to the discovery of admissible information. Without waiving said objections, Dr. Mortimer does not recall inseminating his patients with his own sperm and therefore denies the request.

**REQUEST FOR ADMISSION NO. 25**: You did not cause your semen to be tested for disease prior to inseminating Ashby with it.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**: Dr. Mortimer objects to the inference that he inseminated Ms. Ashby with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm and therefore denies the

request as it relates to insemination of Ms. Ashby. Dr. Mortimer admits only that he has no recall of ever having his sperm tested for disease.

**REQUEST FOR ADMISSION NO. 26**: You did not cause your semen to be tested for viability prior to inseminating Ashby with your semen.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**: Dr. Mortimer objects to the inference that he inseminated Ms. Ashby with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm and therefore denies the request as it relates to insemination of Ms. Ashby. Dr. Mortimer admits only that he has no recall of ever having his sperm tested for viability.

**REQUEST FOR ADMISSION NO. 27**: You informed Dr. C. Jay Kindred that you were using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 28**: You informed Dr. Rulon D. Robison that you were using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 29**: You informed Dr. R. Douglas Isbell that you were using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 30**: Dr. C. Jay Kindred did not try to stop you from using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 31**: Dr. Rulon D. Robison did not try to stop you from using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**: Dr. Mortimer objects to the inference that he inseminated patients with his own semen. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own semen. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 32**: Dr. R. Douglas Isbell did not try to stop you from using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 33**: To your knowledge, Dr. C. Jay Kindred used his own semen to inseminate patients.

his own sperm to inseminate patients. Dr. Mortimer is without sufficient information to admit or deny the request.

**REQUEST FOR ADMISSION NO. 52**: In 1980 it was a breach of the medical standard of care for a doctor to inseminate his patient with his own sperm without her consent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52**: Dr. Mortimer objects to request on grounds that it is overly broad. Dr. Mortimer also objects to the inference that he used his own sperm to inseminate patients without their consent. Dr. Mortimer is without sufficient information to admit or deny the request.

**REQUEST FOR ADMISSION NO. 53**: In 1980 you were not at least six (6) feet tall.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53**: Deny.

**REQUEST FOR ADMISSION NO. 54**: In 1980 you did not have brown hair.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54**: Deny.

**REQUEST FOR ADMISSION NO. 55**: In 1980 you did not have blue eyes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55**: Deny.

**REQUEST FOR ADMISSION NO. 56**: You represented to Ashby that you would inseminate her with sperm from an anonymous donor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56**: Dr. Mortimer does not have recollection of specific conversations dating back to 1979 or 1980, but admits generally that he would have represented to Ashby that he would inseminate her with sperm from an anonymous donor.

**REQUEST FOR ADMISSION NO. 57**: You represented to Fowler that you would inseminate Ashby with sperm from an anonymous donor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57**: Dr. Mortimer does not have recollection of specific conversations dating back to 1979 or 1980, but admits generally that he

would have represented to Fowler that he would inseminate Ashby with sperm from an anonymous donor.

**REQUEST FOR ADMISSION NO. 58**: You used your own sperm to inseminate multiple patients at OGA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58**: Dr. Mortimer objects to the request on the grounds that it is beyond the scope of discovery in this action, irrelevant and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Dr. Mortimer does not recall inseminating patients at OGA and therefore denies the request.

**REQUEST FOR ADMISSION NO. 59**: You used your own sperm to inseminate multiple patients at OGA that were your patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59**: Dr. Mortimer objects to the request on the grounds that it is beyond the scope of discovery in this action, irrelevant and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Dr. Mortimer does not recall inseminating patients at OGA and therefore denies the request.

**REQUEST FOR ADMISSION NO. 60**: You used your own sperm to inseminate multiple patients at OGA that were not your patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60**: Dr. Mortimer objects to the request on the grounds that it is beyond the scope of discovery in this action, irrelevant and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Dr. Mortimer does not recall inseminating patients at OGA and therefore denies the request.

**REQUEST FOR ADMISSION NO. 61**: You never disclosed to your patients that you were using your own sperm to inseminate them.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61**: Dr. Mortimer objects to the request on the grounds that it is beyond the scope of discovery in this action, irrelevant and not

likely to lead to the discovery of admissible evidence. Dr. Mortimer objects to the inference that he used his own sperm to inseminate patients. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 62**: You never disclosed to patients of OGA that you were using your own sperm to inseminate them.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62**: Dr. Mortimer objects to the request on the grounds that it is beyond the scope of discovery in this action, irrelevant and not likely to lead to the discovery of admissible evidence. Dr. Mortimer objects to the inference that he used his own sperm to inseminate patients. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 63**: You did not tell Sally Ashby that you were inseminating her with your own sperm before you did so.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate Ms. Ashby. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 64**: You did not tell Howard Fowler that you were inseminating Sally Ashby with your own sperm before you did so.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate Ms. Ashby. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 65**: You suspected Kelli Rowlette ("Rowlette") was your daughter when she was born.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65**: Deny.

**REQUEST FOR ADMISSION NO. 66**: You violated the standard of care when you inseminated Sally Ashby with your own sperm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate Ms. Ashby. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 67**: It was not an accepted practice for an OB/GYN in practice in Idaho Falls, Idaho in 1980 to inseminate a patient with their own sperm without the patient's consent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate patients in 1980. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**REQUEST FOR ADMISSION NO. 68**: You do not know of any OB/GYN in practice in Idaho Falls, Idaho in 1980 that inseminated their own patients with their own sperm without the patients' consent other than you.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68**: Dr. Mortimer objects to the request on the grounds it is compound and assumes facts not in evidence. Dr. Mortimer objects to the inference that he inseminated patients using his own sperm in 1980. Without waiving said objections, Dr. Mortimer does not recall inseminating patients with his own sperm and does not have sufficient information to admit or deny the request.

MORTIMER'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION - 17

**REQUEST FOR ADMISSION NO. 69**: You do not know of any OB/GYN in practice in Idaho Falls, Idaho on 1980 that inseminated their own patients with their own sperm without the patients' consent other than doctors associated with OGA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69**: Dr. Mortimer objects to the request on the grounds it is compound and assumes facts not in evidence. Dr. Mortimer objects to the inference that he inseminated patients using his own sperm without their consent. Without waiving said objections, Dr. Mortimer does not recall inseminating patients with his own sperm and does not have sufficient information to admit or deny the request.

**REQUEST FOR ADMISSION NO. 70**: When you inseminated Sally Ashby with your own sperm, you produced that sperm on the day of the insemination.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate Ms. Ashby. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm and therefore denies the request.

DATED this 29th day of October, 2018.

POWERS TOLMAN FARLEY, PLLC

By: _____
Raymond D. Powers - Of the Firm
Portia L. Rauer - Of the Firm
*Attorneys for Defendant Gerald E. Mortimer*

## VERIFICATION

STATE OF IDAHO        )
                      : ss.
County of Bonneville  )

_Gerald E. Mortimer_, being first duly sworn upon oath, deposes and says:

That I am one of the defendants in the above-entitled action, and that I read the foregoing responses to requests for admission, knows the contents thereof, and believes the same to be true.

By: _[signature]_

SUBSCRIBED AND SWORN to before me this _30_ day of _October_, 2018.

_Blake G Hall_
NOTARY PUBLIC FOR IDAHO
Residing at: _Idaho Falls, Idaho_
My Commission Expires: _9-10-23_

```
BLAKE G. HALL
NOTARY PUBLIC - STATE OF IDAHO
COMMISSION NUMBER 899974
MY COMMISSION EXPIRES 9-10-2023
```

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of October, 2018, I caused to be served a true copy of the foregoing MORTIMER'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, electronically through the email addresses below:

Jillian A. Harlington, jharlington@walkerheye.com
Matthew M. Purcell, mp@purcellfamilylaw.com
Shea C. Meehan, smeehan@walkerheye.com
*Attorneys for Plaintiffs*

J. Michael Wheiler, wheiler@thwlaw.com
Richard R. Friess, friess@thwlaw.com
*Attorneys for OB-GYN Associates*

_____
Raymond D. Powers
Portia L. Rauer