# EXHIBIT E

**EXHIBIT E**

Raymond D. Powers
ISB # 2737; rdp@powerstolman.com
Portia L. Rauer
ISB # 7233; plr@powerstolman.com
POWERS TOLMAN FARLEY, PLLC
702 West Idaho Street, Suite 700
Boise, ID 83702
Post Office Box 9756
Boise, ID 83707
Telephone:  (208) 577-5100
Facsimile:  (208) 577-5101
W:\41\41-036\Records and Discovery\Ans Pl INT 01.docx

Attorneys for Defendant Gerald E. Mortimer, M.D.

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLI ROWLETTE, an individual, SALLY ASHBY, an individual, and HOWARD FOWLER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GERALD E. MORTIMER, M.D., LINDA G. McKINNON MORTIMER, and the marital community comprised thereof, and OBSTETRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A. an Idaho professional corporation,<br><br>Defendants. | Case No.  4:18-CV-00143-DCN<br><br>**MORTIMER'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

MORTIMER'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 1



Exhibit No. 12
Date: 12-11-18
Mortimer
T&T REPORTING

**ANSWER TO INTERROGATORY NO. 3**: Dr. Mortimer was 6'2", 200 pounds, with brown hair and blue eyes in 1980.

**INTERROGATORY NO. 4**: Identify all individuals that were aware, prior to 2018, that you used your sperm to inseminate Sally Ashby or other patients and explain with particularity the knowledge you understood that person to have prior to 2018.

**ANSWER TO INTERROGATORY NO. 4**: Dr. Mortimer objects to the interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, assumes facts not in evidence, calls for speculation, and asks for information that is irrelevant and not likely to lead to the discovery of admissible evidence. Without waiving said objections, Dr. Mortimer does not recall using his sperm to inseminate patients, including Sally Ashby, and therefore cannot provide further information responsive to this interrogatory.

**INTERROGATORY NO. 5**: Explain with particularity, each and every step of the insemination procedure you used for patients in 1979 and 1980, including but not limited to how you identified potential sperm donors, how sperm was collected, your process for keeping donors anonymous, your process for determining the safety of donor sperm, how sperm was tested, processed or mixed prior to insemination, who participated in the insemination procedure and what their role was, and your methods for tracking the use of donor sperm.

**ANSWER TO INTERROGATORY NO. 5**: Dr. Mortimer objects to the interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving said objections, Dr. Mortimer does not recall with particularity the specific procedures in place in 1979 and 1980 for artificial insemination. Generally, however, the patient would call the clinic when her temperature was elevated indicating ovulation, the clinic would schedule the patient for an insemination procedure that same day, if possible. If the patient's husband was to be the donor, then the husband would accompany the patient and provide sperm at the clinic at the appointment.

**ANSWER TO INTERROGATORY NO. 7**: Dr. Mortimer does not recall with particularity any conversations that he may have had with Ms. Ashby or Mr. Fowler about a sperm donor's characteristics, except that the donor sperm was to be appropriate and safe.

**INTERROGATORY NO. 8**: Explain with particularity your recollection of all conversations you had with other physicians or employees of OGA about using your own sperm or the sperm of other physicians or employees to impregnate patients prior to 2018.

**ANSWER TO INTERROGATORY NO. 8**: Dr. Mortimer objects to the interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, assumes facts not in evidence, and improperly attempts to shift the burden of proof to Dr. Mortimer. Without waiving said objections, Dr. Mortimer has no recollection of using his own sperm to impregnate patients and has no recollection of conversations with other physicians or employees regarding whether they used their sperm to impregnate patients.

**INTERROGATORY NO. 9**: State with particularity your professional practice of providing your own sperm for artificial insemination, including:

    a) the date you first began inseminating patients with your own sperm;

    b) your reason(s) for inseminating your patients with your own sperm;

    c) the number and identity of patients whom you have inseminated with your own sperm;

    d) how you provided sperm for the insemination and what methods were used to store, test, and process the sperm;

    e) who participated inseminating your patients with your own sperm, their contact information, and your understanding of their personal knowledge relating to your insemination of patients with your own sperm;

    f) how much Sally Ashby and Howard Fowler paid you or OGA for your sperm for insemination and how much you personally received; and

g) whether your wife knew you were providing sperm to inseminate patients prior to 2018.

**ANSWER TO INTERROGATORY NO. 9**: Dr. Mortimer objects to the interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, and assumes facts not in evidence. Without waiving said objections, Dr. Mortimer does not recall providing his own sperm for artificial insemination.

**INTERROGATORY NO. 10**: State whether, during your treatment of plaintiffs for infertility, you requested and received custody of a semen sample from plaintiff Howard Fowler, and for each such occasion state the date on which you received it and what you did with such sample.

**ANSWER TO INTERROGATORY NO. 10**: Dr. Mortimer has no specific recollection of Ms. Ashby or Mr. Fowler beyond what is set forth in his medical records for Ms. Ashby, which have been produced. Dr. Mortimer is aware through Ms. Ashby's medical records that Ms. Ashby's husband provided sperm for insemination. Dr. Mortimer does not recall requesting or receiving custody of Mr. Fowler's semen sample. Please see Ms. Ashby's medical records for any additional information responsive to this interrogatory.

**INTERROGATORY NO. 11**: State with particularity the factual basis of all defenses asserted by you and identify, including the last known residential and business address and telephone number, all persons having knowledge of such facts.

**ANSWER TO INTERROGATORY NO. 11**: Dr. Mortimer objects to the interrogatory on the grounds that the majority of his affirmative defenses are questions of law, not questions of fact. His defenses are self-explanatory and rely on information from Plaintiffs, the medical records previously produced, and his nurse, Betty Peterson. Since discovery is ongoing this answer will be supplemented according to the Court's scheduling order and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 18**: Describe with particularity your personal and professional relationship with Dr. Robert Hubert Hall and your knowledge of his involvement with OGA as it pertains to using sperm from doctors to inseminate patients.

**ANSWER TO INTERROGATORY NO. 18**: Dr. Mortimer does not recognize the name of the person referenced in the interrogatory.

**INTERROGATORY NO. 19**: Did you ever masturbate in the offices of OGA? If so, how many times, when and for what purpose(s)?

**ANSWER TO INTERROGATORY NO. 19**: Dr. Mortimer objects to the interrogatory on the ground that it is intended to harass. Without waiving said objection, Dr. Mortimer does not recall masturbating in the offices of OGA.

DATED this 2nd day of November, 2018.

POWERS TOLMAN FARLEY, PLLC

By _/s/ Portia Rauer_____
Raymond D. Powers - Of the Firm
Portia L. Rauer - Of the Firm
*Attorneys for Defendant Gerald E. Mortimer, M.D.*

## VERIFICATION

STATE OF IDAHO            )
                          : ss.
County of Bonneville      )

Gerald E. Mortimer, M.D., being first duly sworn upon oath, deposes and says:

That I am one of the defendants in the above-entitled action, and that I read the foregoing answers to interrogatories, knows the contents thereof, and believes the same to be true.

By _____

SUBSCRIBED AND SWORN to before me this _13_ day of _November_, 2018.

_____
NOTARY PUBLIC FOR IDAHO
Residing at: _Idaho Falls, Idaho_
My Commission Expires: _9-10-23_

BLAKE G. HALL
NOTARY PUBLIC - STATE OF IDAHO
COMMISSION NUMBER 999974
MY COMMISSION EXPIRES 9-10-2023

MORTIMER'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of November, 2018, I caused to be served a true copy of the foregoing **MORTIMER'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES,** by electronic means to the addressees below:

Jillian A. Harlington, jharlington@walkerheye.com
Matthew M. Purcell, mp@purcellfamilylaw.com
Shea C. Meehan, smeehan@walkerheye.com
*Attorneys for Plaintiffs*

J. Michael Wheiler, wheiler@thwlaw.com
Richard R. Friess, friess@thwlaw.com
*Attorneys for OB-GYN Associates*

_____
Raymond D. Powers
Portia L. Rauer

MORTIMER'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 11