# EXHIBIT H

EXHIBIT H

Raymond D. Powers
ISB # 2737; rdp@powerstolman.com
Portia L. Rauer
ISB # 7233; plr@powerstolman.com
POWERS TOLMAN FARLEY, PLLC
702 West Idaho Street, Suite 700
Boise, ID 83702
Post Office Box 9756
Boise, ID 83707
Telephone: (208) 577-5100
Facsimile: (208) 577-5101
W:\41\41-036\Records and Discovery\Resp Pl RFA 01 - Amended.docx

Attorneys for Defendant Gerald E. Mortimer, M.D.

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLI ROWLETTE, an individual, SALLY ASHBY, an individual, and HOWARD FOWLER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GERALD E. MORTIMER, M.D., LINDA G. McKINNON MORTIMER, and the marital community comprised thereof, and OBSTETRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A. an Idaho professional corporation,<br><br>Defendants. | Case No. 4:18-CV-00143-DCN<br><br>**MORTIMER'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |



Exhibit No. 18-A
Date: 12-11-18
Mortimer
T&T REPORTING

**COMES NOW**, Defendant Gerald E. Mortimer, M.D., ("Defendant"), by and through his attorneys of record, Powers Tolman Farley, PLLC, and hereby amends his responses to Plaintiffs' First Set of Requests for Admission propounded on September 27, 2018, as follows:

MORTIMER'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION - 1

REQUEST FOR ADMISSION NO. 16: You inseminated Ashby with your own sperm on at least one occasion.

RESPONSE TO REQUEST FOR ADMISSION NO. 16: Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm and therefore denies the request.

AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 16: Dr. Mortimer does not have specific recall about inseminating Ms. Ashby, or any other particular patient, with his own sperm. Dr. Mortimer recalls generally, however, that on occasion he would donate his own sperm when no other sperm donors were available to inseminate his patients who presented to his office and were ovulating and the patients had requested an anonymous donor. He did so for the sole purpose of helping his patients achieve conception. He did not inform anyone in his office of this practice, nor did he inform his patients.

REQUEST FOR ADMISSION NO. 23: You fathered children of more than one of your patients.

RESPONSE TO REQUEST FOR ADMISSION NO. 23: Dr. Mortimer objects to the inference that he inseminated his patients with his own sperm. Dr. Mortimer also objects on the grounds that the request is irrelevant and not likely to lead to the discovery of admissible information. Without waiving said objections, Dr. Mortimer does not recall inseminating his patients with his own sperm and therefore denies the request.

AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 23: Without waiving said objections, Dr. Mortimer has no information that he fathered children other than the representation that he fathered Kelli Rowlette and ▮▮▮▮▮

REQUEST FOR ADMISSION NO. 24: You fathered children of more than one of your patients without the patient's (sic) knowing that you were using your own semen.

MORTIMER'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION - 2

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**: Dr. Mortimer objects to the inference that he inseminated his patients with his own sperm. Dr. Mortimer also objects on the grounds that the request is compound, irrelevant and not likely to lead to the discovery of admissible information. Without waiving said objections, Dr. Mortimer does not recall inseminating his patients with his own sperm and therefore denies the request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 24**: Without waiving said objections, Dr. Mortimer has no information that he fathered children other than the representation that he fathered Kelli Rowlette and ███.

**REQUEST FOR ADMISSION NO. 27**: You informed Dr. C. Jay Kindred that you were using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 27**: Without waiving said objections, Dr. Mortimer cannot recall the specific patients he inseminated with his own sperm. Dr. Mortimer denies informing Dr. Kindred of this practice described above.

**REQUEST FOR ADMISSION NO. 28**: You informed Dr. Rulon D. Robison that you were using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 28: Without waiving said objections, Dr. Mortimer cannot recall the specific patients he inseminated with his own sperm. Dr. Mortimer denies informing Dr. Robinson of this practice described above.

REQUEST FOR ADMISSION NO. 29: You informed Dr. R. Douglas Isbell that you were using your own semen to inseminate patients.

RESPONSE TO REQUEST FOR ADMISSION NO. 29: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 29: Without waiving said objections, Dr. Mortimer cannot recall the specific patients he inseminated with his own sperm. Dr. Mortimer denies informing Dr. Isbell of this practice described above.

REQUEST FOR ADMISSION NO. 30: Dr. C. Jay Kindred did not try to stop you from using your own semen to inseminate patients.

RESPONSE TO REQUEST FOR ADMISSION NO. 30: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 30: Without waiving said objections, Dr. Mortimer cannot recall the specific patients he inseminated with his own sperm. Dr. Mortimer denies informing Dr. Kindred of this practice described above and, therefore, Dr. Kindren was not in a position to stop Dr. Mortimer.

**REQUEST FOR ADMISSION NO. 31**: Dr. Rulon D. Robison did not try to stop you from using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**: Dr. Mortimer objects to the inference that he inseminated patients with his own semen. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own semen. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 31**: Without waiving said objections, Dr. Mortimer cannot recall the specific patients he inseminated with his own sperm. Dr. Mortimer denies informing Dr. Robison of this practice described above and, therefore, Dr. Robison was not in a position to stop Dr. Mortimer.

**REQUEST FOR ADMISSION NO. 32**: Dr. R. Douglas Isbell did not try to stop you from using your own semen to inseminate patients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**: Dr. Mortimer objects to the inference that he inseminated patients with his own sperm. Without waiving said objection, Dr. Mortimer does not recall inseminating patients with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 32**: Without waiving said objections, Dr. Mortimer cannot recall the specific patients he inseminated with his own sperm. Dr. Mortimer denies informing Dr. Isbell of this practice described above and, therefore, Dr. Isbell was not in a position to stop Dr. Mortimer.

**REQUEST FOR ADMISSION NO. 51**: In 1980 it was a breach of the medical standard of care for a doctor to inseminate his patient with his own sperm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51**: Dr. Mortimer objects to request on grounds that it is overly broad. Dr. Mortimer also objects to the inference that he used

**REQUEST FOR ADMISSION NO. 63**: You did not tell Sally Ashby that you were inseminating her with your own sperm before you did so.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate Ms. Ashby. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 63**: Without waiving said objections, Dr. Mortimer has no specific recollection of using his own sperm to inseminate Ms. Ashby, but admits that from time to time he did use his own sperm to inseminate his patients as described above; however, if he used his own sperm to inseminate Ms. Ashby, he admits that he did not inform her of doing so.

**REQUEST FOR ADMISSION NO. 64**: You did not tell Howard Fowler that you were inseminating Sally Ashby with your own sperm before you did so.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate Ms. Ashby. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 64**: Without waiving said objections, Dr. Mortimer has no specific recollection of using his own sperm to inseminate Ms. Ashby, but admits that from time to time he did use his own sperm to inseminate his patients as described above; however, if he used his own sperm to inseminate Ms. Ashby, he admits that he did not inform Mr. Fowler of doing so.

**REQUEST FOR ADMISSION NO. 66**: You violated the standard of care when you inseminated Sally Ashby with your own sperm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate Ms. Ashby. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 66**: Without waiving said objections, Dr. Mortimer has no specific recollection of using his own sperm to inseminate Ms. Ashby, but admits that from time to time he did use his own sperm to inseminate his patients as described above; however, if he did inseminate Ms. Ashby without her consent, it was a violation of the standard of care.

**REQUEST FOR ADMISSION NO. 67**: It was not an accepted practice for an OB/GYN in practice in Idaho Falls, Idaho in 1980 to inseminate a patient with their own sperm without the patient's consent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67**: Dr. Mortimer objects to the inference that he used his own sperm to inseminate patients in 1980. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm. Based on the wording of the request, Dr. Mortimer cannot admit or deny the request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 67**: Without waiving said objections, Dr. Mortimer admits that from time to time he did use his own sperm to inseminate his patients as described above. Dr. Mortimer admits it was not an accepted practice to do so in 1980 without his patient's consent.

REQUEST FOR ADMISSION NO. 70: When you inseminated Sally Ashby with your own sperm, you produced that sperm on the day of the insemination.

RESPONSE TO REQUEST FOR ADMISSION NO. 70: Dr. Mortimer objects to the inference that he used his own sperm to inseminate Ms. Ashby. Without waiving said objection, Dr. Mortimer does not recall inseminating Ms. Ashby with his own sperm and therefore denies the request.

AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 70: Without waiving said objections, Dr. Mortimer admits that from time to time he did use his own sperm to inseminate his patients as described above. Dr. Mortimer does not have specific recall of using his own sperm to inseminate Ms. Ashby; however, if he did so, he admits it would have been on the day of the insemination procedure if there were no other donors available.

DATED this 10th day of December, 2018.

POWERS TOLMAN FARLEY, PLLC

By: _____
Raymond D. Powers - Of the Firm
Portia L. Rauer - Of the Firm
*Attorneys for Defendant Gerald E. Mortimer*

MORTIMER'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION - 12

## VERIFICATION

STATE OF IDAHO        )
                     : ss.
County of _____ )

_____, being first duly sworn upon oath, deposes and says:

That I am one of the defendants in the above-entitled action, and that I read the foregoing responses to requests for admission, knows the contents thereof, and believes the same to be true.

By_____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2018.

_____
NOTARY PUBLIC FOR IDAHO
Residing at:_____
My Commission Expires:_____

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of December, 2018, I caused to be served a true copy of the foregoing MORTIMER'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, electronically through the email addresses below:

Jillian A. Harlington, jharlington@walkerheye.com
Matthew M. Purcell, mp@purcellfamilylaw.com
Shea C. Meehan, smeehan@walkerheye.com
*Attorneys for Plaintiffs*

J. Michael Wheiler, wheiler@thwlaw.com
Richard R. Friess, friess@thwlaw.com
*Attorneys for OB-GYN Associates*

_____
Raymond D. Powers
Portia L. Rauer