UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SALLY ASHBY, an individual, and HOWARD FOWLER, an individual, | Case No. 4:18-cv-00143-DCN |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| GERALD MORTIMER, M.D., and OBTESTRICS AND GYNECOLOGY ASSOCIATES OF IDAHO FALLS, P.A., an Idaho professional corporation, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion to Extend Time for Responses to Defendants' Motions for Summary Judgment. Dkt. 54. Having reviewed the parties' briefs and the record, the Court finds good cause to GRANT an extension.

## II. DISCUSSION

On April 5, 2019, Defendant Gerald Mortimer ("Dr. Mortimer") filed a Motion for Summary Judgment. Dkt. 49. On April 8, 2019, Defendant Obstetrics and Gynecology Associates of Idaho Falls, PA ("OGA") also filed a Motion for Summary Judgment. Dkt. 50. Plaintiffs' respective response deadlines for the Motions for Summary Judgment are April 26 and April 29, 2019. On April 19, 2019, Plaintiffs filed a Motion for Extension of Time to File Responses to Defendants' Motions for Summary Judgment. Dkt. 54.

Plaintiffs seek to extend their time to respond to both motions to May 20, 2019. Only Dr. Mortimer opposes Plaintiffs' extension request, as OGA has not responded within the time for doing so set by the Court.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), a party may seek an extension of time to submit a responsive pleading if good cause exists, so long as the request is submitted prior to the expiration of the original time. Plaintiffs note they have submitted their extension request prior to the deadline for their Responses to Defendants' Motions for Summary Judgment, and suggest good cause exists because both summary judgment motions "present several different theories for dismissal, and Mortimer's motion relies heavily on case law from multiple states throughout the United States. Additional time is needed to properly and adequately respond to these lengthy dispositive motions which were filed only days apart." Dkt. 55, at 2. Plaintiffs also maintain Defendants will not suffer prejudice from the extension of Plaintiffs' deadline to respond because the deadline for dispositive motions in this matter is approximately three months away. *Id*. Finally, Plaintiffs contend that they requested that Dr. Mortimer's counsel stipulate to the extension, but Dr. Mortimer's counsel did not respond.

Dr. Mortimer objects to Plaintiffs' extension request on several grounds. First, Dr. Mortimer suggests a determination of good cause is essentially an analysis of the moving party's diligence. Dkt. 58, at 3 (citing *Hammer v. City of Sun Valley*, 2018 WL 3973400 *4 (D. Idaho Aug. 20, 2018); *Buckley v. Donohue Industries, Inc*., 100 Fed. Appx. 275, 278 (5th Cir. 2004)). Dr. Mortimer argues Plaintiffs have not been diligent in requesting an extension because they waited until a week before their responses were due to do so,

instead of immediately moving for an extension approximately two weeks ago when the summary judgment motions were filed. Extensions "always may be asked for, and usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (N.D. Ohio 1947); *see also Choi v. Chemical Bank*, 939 F. Supp. 304, 309 (S.D.N.Y. 1996) (district court has wide discretion to grant enlargement of time, with or without motion, if request is made within expiration period). Although Plaintiffs certainly could have sought an extension earlier in the briefing period, the Court finds they were reasonably diligent in submitting a timely request for an extension well before their response deadline.

Second, Dr. Mortimer contends the focus of the Court's inquiry should be on Plaintiffs' stated reasons for an extension. *Id*. Dr. Mortimer argues "the need to oppose the two motions over a twenty-four (24) day period cannot amount to good cause, as such time constraints are inherent in the legal profession[.]" *Id*., at 4. The Court agrees the fact that Plaintiffs must respond to two motions for summary judgment filed days apart is hardly unique, inherent in litigation, and may not rise to the level of good cause. What is unique, however, is the factual background of this dispute and Defendants' basis for seeking summary judgment. Specifically, Dr. Mortimer argues Plaintiffs' medical malpractice claim is essentially a claim for "wrongful pregnancy." Although the Idaho Supreme Court has recognized such cause of action is valid in Idaho pursuant to Idaho Code § 5-334(2), Idaho courts have never directly addressed the elements of such claim. Dkt. 49-1, at 5 (citing *Conner v. Hodges*, 333 P.3d 130, 134 (2014)). Dr. Mortimer accordingly relies on multiple cases from state courts throughout the Country to argue

Plaintiffs cannot establish the prima facie elements of a wrongful pregnancy claim. The Court finds good cause to grant an extension given the novel circumstances of this case and Dr. Mortimer's reliance on multiple out of state cases to suggest summary dismissal of Plaintiffs' claim is appropriate.

Moreover, Dr. Mortimer does not indicate that there is any danger of prejudice to him if the motion for extension is granted. Dr. Mortimer's reply deadline will be extended by virtue of Plaintiffs' delayed filing. Further, as Plaintiffs note, the deadline for dispositive motions in this case is not for three months. The Court finds allowing Plaintiffs a short extension to respond to Defendants' Motions for Summary Judgment is appropriate where such extension will not prejudice Dr. Mortimer or in any way delay the disposition of this case. *See, e.g., Delta Alcohol Distrib. v. Anheuser-Busch Intern., Inc.*, 28 F. Supp. 3d 682, 687 (E.D. Mich. 2014) (extension warranted even in absence of good cause where there was no danger of prejudice to defendants if motion for extension was granted).

Third, Dr. Mortimer notes Plaintiffs filed their own substantial motion during the relevant briefing period. Specifically, Plaintiffs filed a Motion to Amend the Complaint to Assert Punitive Damages on April 10, 2019. Dkt. 53. Dr. Mortimer suggests it would be contrary to the purpose of Rule 6 to allow Plaintiffs to file their own substantial motion while simultaneously seeking reprieve in responding to another. Dkt. 55, at 4 (citing *Block v. Washington State Bar Assoc.*, 2019 WL 5177152 at *2 (9th Cir. 2019)). In *Block*, the Ninth Circuit held the district court did not abuse its discretion by denying plaintiff's requests for extensions of time where plaintiff did not seek extensions in

advance of the time her oppositions were due and filed multiple motions of her own during the period in which she claimed she was unable to file oppositions. *Id*. Such circumstances are distinguishable from those here, where Plaintiffs have sought an extension prior to the due date for their responses and have filed a single motion of their own during the briefing period. While Plaintiffs' counsel could have used their time more wisely by focusing on their responses before filing their own motion, such motion does not warrant denial of Plaintiffs' extension request.

Fourth, Dr. Mortimer argues Plaintiffs' request is procedurally deficient because it fails to comply with Local Rule 6.1(a) which requires that a party requesting an extension "must apprise the Court if they have previously been granted any time extensions in this particular action." District of Idaho Local Rule 6.1(a). Dr. Mortimer notes Plaintiffs were previously given an extension to file their opposition to his Motion to Dismiss, but failed to apprise the Court of such extension in the instant motion. The Court is well aware of Plaintiffs' previous request for an extension, having granted such request, despite Plaintiffs' failure to mention such in their Motion for Extension of Time. Although Plaintiffs have not complied with the procedure outlined in Local Rule 6.1(a), the rule does not suggest any penalty for failure to comply, and the Court finds it is within its discretion to grant an extension even though Plaintiffs' request may be procedurally deficient. *Whitehead By and Through Whitehead v. School Bd. for Hillsborough Cnty.*, 932 F. Supp. 1396, 1399 (M.D. Fla. 1996) (although plaintiff's opposition to motion to dismiss was three weeks late, court would exercise its discretion to consider opposition

due to the strong policy of resolving issues on the merits, rather than on procedural technicalities).

Finally, Dr. Mortimer's counsel suggests that although Plaintiffs did request that they stipulate to an extension, Plaintiffs filed the present motion only a few hours later, on a Friday afternoon before a holiday weekend, without providing Dr. Mortimer's counsel an opportunity to respond. Dkt. 58, at 5. While criticizing Plaintiffs' counsel for not filing the Motion for Extension earlier, defense counsel simultaneously faults Plaintiffs' counsel for filing the Motion for Extension too soon after their attempt to obtain defense counsel's stipulation to an extension. If Plaintiffs' counsel had instead waited for a response and filed the Motion for Extension closer to the opposition deadline, defense counsel would undoubtedly criticize such delay as a failure to act diligently.

Although the Court does not believe there is enough good cause for the four-week extension Plaintiffs' request, the Court does find a two-week extension is warranted given the unique circumstances of Plaintiffs' medical malpractice claim, the lack of Idaho case law on the subject, Plaintiffs' timely request for an extension, and in the absence of any prejudice to Dr. Mortimer.

## III. ORDER

**IT IS ORDERED:**

1.      Plaintiff's Motion for Extension of Time to File Responses to Defendants' Motions for Summary Judgment (Dkt. 54) is GRANTED.

2.      Plaintiffs' Response to Dr. Mortimer's Motion for Summary Judgment

(Dkt. 49) shall be due on or before **May 10, 2019**;

3.      Plaintiffs' Response to OGA's Motion for Summary Judgment (Dkt. 50)

shall be due on or before **May 13, 2019**.

DATED: April 24, 2019

David C. Nye
Chief U.S. District Court Judge