UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SALLY ASHBY, an individual, and HOWARD FOWLER, an individual, | Case No. 4:18-cv-00143-DCN |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| GERALD MORTIMER, M.D., | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Plaintiffs Howard Fowler and Sally Ashby's ("Plaintiffs") Motion to Quash Subpoenas. Dkt. 101. The subpoenas Plaintiffs seek to quash relate to depositions scheduled for next week. After informal communication with the parties, the Court entered an expedited briefing schedule. Dkt. 104. The Motion has been fully briefed and is ripe for review.

Given the impending depositions, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion to Quash Subpoenas without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Having reviewed the record and briefing, the Court finds good cause to GRANT the Motion to Quash.

## II. BACKGROUND[1]

This suit has been pending before the Court for over two and a half years. On July 26, 2018, the parties submitted a joint discovery plan, wherein they agreed to a discovery cutoff date of June 15, 2019. Dkt. 27. On September 4, 2018, the Court issued a case management order (that mirrored the parties' agreement) providing that all discovery was to be completed by June 15, 2019, except as otherwise stipulated to by the parties.[2] Dkt. 33. Trial is currently scheduled to begin on February 1, 2021. Dkt. 80.

Defendant Gerald Mortimer, M.D., served Plaintiff Sally Ashby with requests for production of documents and/or interrogatories on July 24, 2018, October 30, 2018, and January 23, 2019. Dkt. 103, ¶¶ 6–9. In response to such requests, Ms. Ashby disclosed the five healthcare providers Dr. Mortimer now intends to depose: Amanda Rukavina, Sara J. Reeve, Jennifer-Dean Hill, Judith Caporiccio, MD, and Nicole Slack, ARNP (collectively "healthcare providers"). *Id*. at ¶ 15. With the exception of Jennifer Dean-Hill, who Plaintiffs named in their initial disclosures,  Plaintiffs have never identified the healthcare providers as potential trial witnesses. *Id*. at ¶ 16. And, although they named her in their initial disclosures, Plaintiffs contend that they do not intend to call Jennifer Dean-Hill as a witness during trial. *Id*. at ¶ 17. Dr. Mortimer has also never identified the healthcare

---

[1] The underlying facts of the case are well known to the parties and have been set out numerous times in previous orders. The Court will not repeat them here.

[2] The parties have not stipulated to an extension of any of the deadlines in the Court's case management order.

providers as potential witnesses.[3]

Dr. Mortimer admits that he has known of the healthcare providers since 2018, and that he has their written treatment records in his possession. Dkt. 105, at 3. Dr. Mortimer chose not to depose the healthcare providers during the discovery period,[4] but now intends to do so in order to preserve their testimony for trial. Dr. Mortimer notes that the healthcare providers do not reside within the State of Idaho and live more than 100 miles away from where trial will be held.[5] *Id*. at 3. As such, they cannot be compelled to appear to testify at trial. Fed. R. Civ. P. 45(c)(1).

In order to memorialize both their treatment records and recollection of Ms. Ashby into testimony for presentation to the jury, Dr. Mortimer intends to take virtual depositions of the healthcare providers. To do so, Dr. Mortimer sent each of the healthcare providers subpoenas on November 20, 2020. *See generally*, Dkt. 103-2. Dr. Mortimer's depositions of the healthcare providers are scheduled to occur via Zoom virtual conferencing on December 14–16, 2020. *Id*.

Plaintiffs move to quash the subpoenas pursuant to Federal Rules of Civil Procedure 45, 30, and 26. Because they are purportedly trial preservation depositions, and not

---

[3] After the instant dispute arose, and "in the abundance of caution," Dr. Mortimer supplemented his initial disclosure to identify the healthcare providers as potential witnesses on November 30, 2020. Dkt. 105, at 4.

[4] Dr. Mortimer deposed six witnesses during the discovery period. Dkt. 102, ¶ 11. Like the healthcare providers, several of the witnesses Dr. Mortimer has already deposed also reside in the Eastern District of Washington. Dkt. 102, at 8.

[5] Neither Dr. Mortimer nor Plaintiffs address whether the healthcare providers are unwilling to testify at trial in the absence of a subpoena.

MEMORANDUM DECISION AND ORDER - 3

discovery depositions, Dr. Mortimer contends the pending depositions do not fall within the scope of the parties' discovery plan, the Court's case management order, or the Federal Rules of Civil Procedure.[6]

### III. ANALYSIS

Although they raise numerous arguments in their briefing,[7] the parties' dispute boils down to whether or not trial preservation depositions and discovery depositions are treated differently under the Federal Rules of Civil Procedure.

"There is no Ninth Circuit authority on the issue of whether perpetuation depositions are 'discovery' depositions subject to the limits in the Federal Rules of Civil Procedure … or are 'trial' depositions exempt from those strictures." *Mitchell v. City of Tukwila*, 2014 WL 30035, at *1 (W.D. Wash. Jan. 3, 2014). Authority from district courts is "scant and conflicting." *Id*. (*comparing Energex Enterprises, Inc. v. Shughart, Thomson & Kilroy*

---

[6] After conferring and attempting to resolve the issue informally, counsel for the parties notified the Court that they were unable to reach an agreement. *See, e.g.*, Dkt. 103, ¶ 21. Given the looming depositions, and because a middle ground did not appear possible, the Court informally directed the parties to proceed with motion practice rather than engaging in the Court's discovery dispute resolution process.

[7] For instance, Plaintiffs suggest the subpoenas should be quashed pursuant to Rule 30(a) because Dr. Mortimer failed to obtain leave of the Court to conduct more than ten depositions, and pursuant to Rule 30(b)(4) because Dr. Mortimer failed to obtain leave of the Court or stipulation by Plaintiffs to conduct the depositions remotely. Dkt. 102, at 5–6. Plaintiffs also contend the subpoenas should be quashed under Rule 26(b) because the expense of taking such depositions is disproportionate to the limited medical expenses Ms. Ashby seeks, because the depositions are unreasonably cumulative since Dr. Mortimer has already obtained all of Ms. Ashby's medical and mental health counseling records, and because Dr. Mortimer had ample time to obtain the information sought within the discovery period, but chose not to do so. *Id*. at 7. Finally, Plaintiffs argue the Court must quash the subpoenas pursuant to Rule 45(d)(3)(A)(iv) because the depositions impose an undue burden given their untimeliness, the availability of information sought from other sources, the excessive number of depositions noted, and Dr. Mortimer's failure to obtain Plaintiffs' consent to conduct the depositions remotely. *Id*. at 9. Dr. Mortimer dismisses each of these arguments, primarily because the Federal Rules of Civil Procedure and the Court's case management order purportedly do not apply since he only seeks to preserve the healthcare providers' testimony for trial, and not to discover any new evidence. *See generally*, Dkt. 105.

MEMORANDUM DECISION AND ORDER - 4

*P.S.*, 2006 WL 2401245, at \*7 (D. Ariz. Aug. 17, 2006) (denying motion to conduct trial preservation depositions) with *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001) (finding that depositions to preserve trial testimony were not constrained by the court's scheduling order)).

Dr. Mortimer relies upon authority from outside of the Ninth Circuit to argue the Court's case management plan, the parties' discovery plan, and the Federal Rules Plaintiffs cite, do not apply to trial preservation depositions. Dkt. 105, at 2–5 (citing *Odell v. Burlington Northern R. Co.*, 151 F.R.D. 661, 664 (D. Colo. 1993) (finding there is a distinction between trial preservation and discovery depositions, and allowing preservation depositions although the discovery deadline had expired); *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) (holding it was an abuse of discretion for the trial court to refuse to permit a deposition for trial testimony because the discovery period had closed); *Bouygues Telecom, S.A. v. Tekelec, Inc.*, 238 F.R.D. 413, 414–15 (E.D.N.C. 2006) ("To the extent that the purpose of a deposition is not discovery but to preserve trial testimony, application of the [court's case management order] to the deposition does not advance" the purpose of facilitating cost-effective discovery); *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (holding expiration of the discovery deadline did not prevent a party from "memorializing a witness' testimony in order to offer it at trial").[8]

---

[8] The Court notes that several of these cases have been explicitly rejected by district courts within the Ninth Circuit. For instance, in *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999), the court noted the Fifth Circuit's decision in *Charles*, 665 F.2d at 664, did "not cite or refer to any authority whatsoever for the distinction it makes between discovery and trial depositions." *Integra*, 190 F.R.D. at 55. The *Integra* court explained the *Charles* decision also lacked "any analysis of the wide latitude to be given

Although the Court recognizes and has considered the distinction between discovery

and trial depositions discussed in the aforementioned decisions, the overwhelming majority

of district courts within the Ninth Circuit—including the District of Idaho—have held that

trial preservation depositions are subject to the limits and time restrictions within the

Federal Rules. *See, e.g., Green v. City of Phoenix*, 330 F.R.D. 239, 240 (D. Ariz. 2019)

("[T]he court finds the reasoning in the cases which hold that these so-called 'trial

depositions' are subject to the limits in the Rules to be the most persuasive); *United Food

Grp., LLC v. Cargill*, 2014 WL 12925562, at *2 (C.D. Cal. 2014) ("While the Court

recognizes that some courts exempt 'trial' depositions from the limits on depositions set

forth in Rule 30, the Court agrees with the majority of courts holding that depositions taken

for any purpose are subject to the same rules of discovery."); *Mitchell,* 2014 WL 30035, at

*1 ("[T]he Court finds more persuasive the cases holding that [trial preservation

depositions] are subject to the limits in the Rules because the Rules do not distinguish

between discovery and perpetuation depositions for trial."); *Mabrey v. Wizard Fisheries,

Inc.*, 2007 WL 1795033, at *2 (W.D. Wash. June 8, 2007) ("The Court therefore concludes

that [trial preservation] depositions are subject to the numerical and time limits in the

Federal Rules of Civil Procedure and the Court's scheduling order."); *Energex*, 2006 WL

___

to trial courts to manage their own cases," and was also decided before the 1993 Civil Justice Report Act, which made significant changes to Federal Rule of Civil Procedure 16, including the requirement that a pretrial scheduling issue be ordered in most cases setting forth the time permitted for discovery and other matters. *Id*. As such, *Integra* rejected *Charles* as authority for permitting trial preservation depositions beyond the discovery deadline. The *Integra* court also discounted the holding in *Spangler*, 138 F.R.D. at 126, noting the *Spangler* court specifically acknowledged that "no clear support for the concept of treating trial depositions differently than discovery depositions can be found in the Rules." *Integra*, 190 F.R.D. at 558 (citing *Spangler*, 138 F.R.D. at 124 n. 1).

MEMORANDUM DECISION AND ORDER - 6

2401245, at *7 (finding plaintiffs' request to take trial preservation depositions beyond the discovery period "would effectively eviscerate the discovery deadlines set forth in scheduling orders," and denying request); *Nexus Solutions Grp., Inc. v. Parametric Tech. Corp.*, 2006 WL 8446115, at *2 (D. Idaho April 19, 2006) (finding trial preservation depositions are subject to the Federal Rules of Civil Procedure).[9]

"The Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999). Because the Rules do not so differentiate, the court in *Integra* rejected defendants' argument that trial depositions are different from discovery depositions and should be permitted after the discovery cut-off. In so holding, the Court explained:

> Although Defendants argue vehemently that 'trial depositions' are frequently used to facilitate efficient introduction of evidence at trial, Defendants fail to address how the court or parties should distinguish between 'trial' depositions which must be completed within the discovery time period and those which have no time limits. . . . Under Defendants' theory of trial depositions, where they need not be taken during the discovery period so long as they are being used in lieu of live testimony at trial, nothing would keep the parties from waiting until after the close of discovery to take all of these 'trial' depositions. This would effectively eliminate any need to conduct discovery of 'unavailable' witnesses during the discovery period.

*Id*. at 559.

Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, the *Integra* Court noted that other courts have held there is no difference

---

[9] *But see Wierzbowski v. Dec*, 2017 WL 11309546, at *1 (D. Nev. June 12, 2017) ("While the Court is aware of contrary authority . . . trial depositions needed to preserve testimony are generally treated as distinct from discovery depositions.").

between the two, and, as such "if a party wishes to introduce deposition testimony at trial, that testimony should [be] procured during the time set by the court to conduct discovery absent exceptional circumstances." *Id*. (quoting *Henkel v. XIM Products, Inc*., 133 F.R.D. 556, 557–58 (D. Minn. 1991)). In *Henkel*, the court denied a request by defendant to take a "trial deposition" of a non-party witness who was deposed by plaintiff during discovery. During the discovery deposition, defense counsel did not ask any questions. It was undisputed that the witness had relevant testimony to offer at trial, but that he was beyond the subpoena power of the court. The *Henkel* court found that merely designating the witness's testimony to be taken "for purposes of trial" did not take the deposition outside of the ordinary rules governing the timing of discovery. *Id*. at 557.

> The *Integra* court found the reasoning in *Henkel* persuasive, and held:
>
> Where a party makes a tactical decision during discovery to refrain from deposing a non-party witness who is beyond the subpoena power of the court, but who has relevant information to offer in the case, that party takes the risk that the testimony will not be presented at trial if the witness does not voluntarily appear.

190 F.R.D. at 559. In denying defendants' request to depose a third party who was not deposed during the ordinary course of discovery, and who was unavailable for live testimony at trial, the *Integra* court explained a request to take a deposition after the discovery cut-off period should not be granted absent exceptional circumstances or good cause. 190 F.R.D. at 560.

As the *Integra* court noted, there may be extenuating circumstances under which a party could proceed to take a deposition of a witness to perpetuate testimony for trial. *Id*. at 559. For instance, if a witness had lived and worked within 100 miles of the court for

MEMORANDUM DECISION AND ORDER - 8

the last twenty years, but suddenly moved across the country, outside of the court's subpoena power, defendants "could probably establish good cause to take the deposition." *Id*. at 559. "Another example of appropriate cause to take a trial deposition would be where a witness becomes seriously ill and is physically unable to testify at trial." *Id*. As the *Integra* court explained, the analysis of whether trial preservation depositions should be permitted outside of the discovery period must ultimately be conducted within the "good cause" framework of Federal Rule of Civil Procedure 16(b)(4). *Id*.

After considering the conflicting authority cited by Dr. Mortimer and otherwise located by the Court, the Court finds more persuasive the cases holding that trial preservation depositions are subject to the limits in the Rules because the Rules do not distinguish between discovery and trial preservation depositions. As such, in the absence of exceptional circumstances, there is no way to distinguish between cases where use of a "trial deposition" may be appropriate, and those where such depositions are a clear end-run around the discovery deadline under Rule 16. Here, the depositions of the healthcare providers appear to be the latter. Such providers have apparently lived and practiced in the Eastern District of Washington throughout this case. They have not recently moved away from Idaho but have instead never lived in Idaho. Thus, it was not unforeseeable that the healthcare providers would be unavailable to testify at trial (absent their own willingness). Further, Dr. Mortimer concedes he has known the identity of the providers and has had their treatment records since 2018. Despite this, Dr. Mortimer does not make any attempt to explain why he did not depose the healthcare providers during the discovery period, or why trial preservation depositions must be conducted now, less than two months before

MEMORANDUM DECISION AND ORDER - 9

trial is set to begin, and over a year and one half after the discovery period closed.

Under Rule 16, the Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment" to a court's pretrial schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). "If the party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. In the absence of any explanation for his failure to depose the healthcare providers during the discovery period, the Court finds there is not good cause to modify the Court's case management order to allow trial preservation depositions at this late stage of the litigation.

## IV. ORDER

Now, therefore, it is HEREBY ORDERED:

1.  Plaintiffs' Motion to Quash (Dkt. 101) is **GRANTED**.

DATED: December 9, 2020

David C. Nye
Chief U.S. District Court Judge